[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 05-11736
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 11, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-01783-CV-WCO-1

LIBERTY GROUP ENTERPRISES, INC.,
d.b.a. Bail Bonds R US,
JAMES POWELL JENKINS,
CATHY H. JENKINS,

Plaintiffs-Appellants,

versus

ROGER GARRISON,
Sheriff, Cherokee County,
SHEILA LOWERY,
Bond Administrator, and individually and
severally in their individual and official capacities,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

**(October 11, 2006)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Liberty Group Enterprises, Inc. is a bail-bonding company owned by James and Cathy Jenkins (collectively "appellants"). The Sheriff of Cherokee County, Georgia, and his Bail Bond Administrator ("appellees") suspended appellants' bonding privileges as the result of a lawsuit filed by a third party in the local Magistrates Court. After the lawsuit was dismissed, appellees refused to reinstate appellants' bonding privileges, and appellants brought this action. In their complaint, they sought, under 42 U.S.C. § 1983, damages in the sum of several million dollars and such "further relief as to the Court deems just and equitable under the circumstances." They were entitled to such relief, the complaint alleged, because appellees' action in refusing to reinstate their bail-bonding privileges denied them the procedural and substantive due process of law guaranteed them by the Fourteenth Amendment.

Appellees moved to dismiss appellants' due process claims for failure to state a claim for relief. See Fed. R. Civ. P. 12(b)(6). Their accompanying memorandum of law asserted:

1. That the complaint failed to allege a property interest protected by the Due Process Clause;

2. That appellants had an adequate post-deprivation remedy under Georgia law; therefore, if they had a constitutionally protected property interest in their

2

business, the State provided them with all the procedural process they were due;

3. That the complaint failed to establish that appellants had a substantive due process right in their bail-bonding business;

4. That appellees, sued in their official capacities, were entitled to Eleventh Amendment immunity; and

5. That appellees sued in their individual capacities were entitled to qualified immunity.

The district court granted appellees' motion to dismiss. Addressing appellants' procedural due process claim, the court held that appellants had no constitutionally protected property interest in their bail-bonding privileges, and that assuming they had such interest, Georgia provided a remedy that satisfied due process. The court rejected their substantive due process claim, citing abundant Supreme Court and Eleventh Circuit precedent holding that the Constitution's Due Process Clause does not create a substantive constitutional right to engage in the bail-bonding business. Having reached these holdings, the court did not reach the Eleventh Amendment and qualified immunity issues.

We agree with the district court that appellants lack both a constitutionally protected property interest and a substantive due process right in their business, and therefore affirm its judgment. We do so without reaching the immunity issues

the case presents.

**AFFIRMED.**

BLACK, Circuit Judge, specially concurring:

I concur in the result for the reason stated in the alternative holding. Even if we assume the appellants possessed a constitutionally protected property interest in the bail-bonding privilege, they have not been denied constitutionally adequate process. Georgia law provides for a writ of mandamus, and given that a petition for writ of mandamus provides adequate post-deprivation process, the appellants have no procedural due process claim. *See* O.C.G.A. § 9-6-20; *Cotton v. Jackson*, 216 F.3d 1328, 1332 (11th Cir. 2000); *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc).